**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stuart D. Taylor,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-01653-PHX-NVW<br><br>**ORDER** |

Plaintiff Stuart D. Taylor seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which on remand from the Appeals Council denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act for the period of January 1, 2009, through April 21, 2013. Plaintiff was previously found disabled beginning April 22, 2013. Because the present decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for calculation and award of benefits.

**I.    BACKGROUND**

Plaintiff was born May 5, 1963. Plaintiff attended high school but did not receive a diploma. He worked as a cook. Plaintiff alleges disability due to back surgeries, back

pain, left knee arthroscopy, learning disability, double hernias, hypertension, and diabetes mellitus.

On October 2010, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2009. On January 31, 2013, he appeared with his attorney and testified at a hearing before the ALJ. A vocational expert also testified. On April 24, 2013, the ALJ issued a decision that Plaintiff was disabled as of April 22, 2013, but not before. Plaintiff requested review by the Appeals Council, alleging disability should have been granted as of January 2009.

By notice dated July 19, 2013, the Appeals Council affirmed the ALJ's finding that Plaintiff was disabled beginning April 22, 2013. It vacated the hearing decision only regarding the issue of disability before April 22, 2013, and remanded for resolution of specific issues during that period.

Supplemental proceedings were held on January 16, 2014. By written decision dated April 16, 2014, the ALJ found Plaintiff not disabled from January 1, 2009, through April 21, 2013, within the meaning of the Social Security Act. On March 30, 2016, the Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the final decision. On May 27, 2016, Plaintiff sought review by this Court.

## II. STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Claims that are not actually argued in an appellant's opening brief are not considered on appeal. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as

adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is highly deferential." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015).

## III. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual

functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2014, and that he has not engaged in substantial gainful activity since January 1, 2009. At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar spine degenerative disc disease, status post laminectomies and fusion surgeries, major depressive disorder, anxiety disorder NOS, personality disorder NOS, learning disorder NOS, and obesity. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

> From January 1, 2009 through April 21, 2013, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he could occasionally climb ramps, stairs and ladders, balance[,] stoop, kneel and crouch and should never climb ropes or scaffolds. He needed to avoid exposure to hazardous environments, including unprotected heights. The claimant was limited to work that required occasional changes in work setting, occasional interaction with the public, co-workers and supervisors. The claimant could perform simple, unskilled work.

The ALJ further found that Plaintiff is unable to perform any of his past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

## IV. ANALYSIS

### A. The ALJ Did Not Comply with the Order of the Appeals Council.

The Appeals Council identified multiple errors in the first ALJ decision and directed the ALJ to resolve certain issues on remand. On remand, the ALJ did not fully comply with the Order of the Appeals Council.

Supplemental hearing. The Appeals Council stated that Plaintiff's representative requested a supplemental hearing with the opportunity to question the consultative examiners and that adjudicators must grant all requests for supplemental hearings unless the record supports a fully favorable decision. Although on remand the ALJ conducted a supplemental hearing and did not issue a fully favorable decision, the ALJ did not have the consultative examiners available for questioning.

Third-party statements. The Appeals Council ordered the ALJ on remand to further evaluate the third-party statements and provide rationale in accordance with SSR 06-3p. When an ALJ discounts the testimony of lay witnesses, he must give reasons that are germane to each witness. *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693-94 (9th Cir. 2009). The ALJ assigned minimal weight to the third-party function reports by Plaintiff's sister and daughter because "the extreme limitations are not supported by the greater objective medical evidence of record and are not persuasive of additional restrictions to the residual functional capacity." The ALJ did not provide reasons that are germane to each witness.

Plaintiff's subjective complaints. The Appeals Council ordered the ALJ on remand to further evaluate Plaintiff's subjective complaints and provide rationale in accordance with 20 C.F.R. §§ 404.1529 and 416.929 and SSR 96-7p. A claimant is not required to produce objective medical evidence of the symptom or its severity. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). If a claimant's statements about pain or other symptoms are not substantiated by objective medical evidence, the ALJ must consider all of the evidence in the case record, including any statement by the claimant and other persons, concerning the claimant's symptoms. SSR96-7p. The ALJ must consider all of the evidence presented, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; factors that precipitate and aggravate the symptoms; effectiveness and side effects of any medication taken to alleviate pain or other symptoms; treatment other than medication; any measures

other than treatment the claimant uses to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *Id.*

On remand, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms during the period of January 1, 2009, through April 21, 2013, "not entirely credible for the reasons explained in this decision." The ALJ found that Plaintiff had a history of multiple back surgeries, the majority of which were performed before January 1, 2009, but the objective medical evidence before April 21, 2013, did not support Plaintiff's subjective complaints to the extent alleged during the relevant period.

Other than lack of objective medical evidence, the only other reason the ALJ gave for rejecting Plaintiff's subjective complaints was that his documented activities of daily living failed to support the level of limitation he alleges for the relevant period. Plaintiff reported that he was able to do light housekeeping and yard work, take care of dogs, make sandwiches and soup, and go grocery shopping. He testified that he could lift a gallon of milk but only if it was above his knees. He testified that when he lived with his elderly parents he just kept an eye on them and watched television. Plaintiff's activities of daily living do not demonstrate an ability to sustain full-time work. The ALJ did not provide clear and convincing reasons for discrediting Plaintiff's subjective symptom testimony.

<u>Weighing opinion evidence</u>. The Appeals Council said the first ALJ order did not contain an adequate evaluation and assignment of weight to the opinion evidence. The ALJ had found both of two conflicting opinions of consultative examiners to be persuasive. The Appeals Council stated that the hearing decision found the opinion of Dr. Nichols persuasive and afforded it appropriate weight, but Dr. Nichols' opinion "would equate to preclusion from performing any type of work" and was not

incorporated in the residual functional capacity finding. Moreover, the ALJ had not provided any rationale for rejecting Dr. Nichols' reduced sitting limitations.

In the second hearing decision the ALJ afforded Dr. Nichols' opinion only partial weight because it appeared to rely on Plaintiff's subjective complaints rather than objective findings. The ALJ may discount a physician's opinion that is based only the claimant's subjective complaints without objective evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, Dr. Nichols' opinion was not based only on Plaintiff's subjective complaints without objective evidence.

Dr. Nichols reviewed clinic notes from treating physicians, a CT of abdomen and pelvis, and an MRI of lumbosacral spine. He noted that in 2000 Plaintiff had a fusion in the area of his lower lumbosacral spine and in 2009 a fusion of five disk spaces. Dr. Nichols reported that Plaintiff's lower lumbosacral spine now was fully fused and diagnosed Plaintiff as having lumbar disk disease. He noted that Plaintiff was taking Percocet four times a day for pain. Although his physical examination was essentially negative, he justified limiting sitting to four hours a day and standing/walking to two hours a day because of lumbar disk disease and reported pain. Dr. Nichols properly considered Plaintiff's subjective reports of pain that were supported by objective medical evidence.

Although the ALJ said he afforded Dr. Nichols' opinion partial weight, he apparently gave it no weight at all. In his residual functional capacity assessment, the ALJ found Plaintiff capable of performing sedentary work with no limitation on sitting.

**B. This Case Will Be Remanded for Calculation and Award of Benefits.**

This case, which already has involved two ALJ hearings, satisfies the conditions for remanding for immediate award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited

- 7 -

evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is vacated and this case is remanded for calculation and award of benefits. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 21st day of September, 2017.

_____
Neil V. Wake
Senior United States District Judge